Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| ALMIN RIVERA COLLADO<br><br>Recurrido<br><br>V.<br><br>MELBA SOTOMAYOR SANTOS<br><br>Peticionaria | KLCE202401086 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.:<br>AG2022RF00374<br><br>Sobre:<br>Hogar Seguro |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de octubre de 2024.

El 8 de octubre de 2024, compareció ante este Tribunal de Apelaciones, la señora Melba Sotomayor Santos (en adelante, señora Sotomayor Santos o parte peticionaria), por medio de *certiorari* intitulado *Recurso de Revisión*. Mediante este, nos solicita que revisemos la *Resolución* emitida el 6 de septiembre de 2024, y notificada el 9 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar una solicitud de hogar seguro presentada por la parte peticionaria.

Por los fundamentos que adelante se esbozan, se deniega la expedición del recurso de *certiorari*.

### I

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Demanda*[1] de divorcio incoada por el señor Almin Rivera Collado (en adelante, señor Rivera Collado o parte recurrida),

---

[1] Entrada núm. 1 de SUMAC.

Número Identificador

RES2024 _____

en contra de la señora Sotomayor Santos. Posteriormente, el foro primario mediante *Sentencia*[2] declaró Ha Lugar la *Demanda* de divorcio y decretó "roto y disuelto el vínculo matrimonial" que existía entre las partes.

Luego de varias incidencias procesales, innecesarias pormenorizar, el 30 de noviembre de 2023, la parte peticionaria presentó la *Solicitud de Hogar Seguro*[3]. Por medio de esa solicitó al foro *a quo* que declarara como hogar seguro a su favor, la propiedad conyugal perteneciente a la extinta Sociedad Legal de Gananciales. En respuesta, la parte recurrida presentó la *Moción en Cumplimiento de Orden y en Oposición a Hogar Seguro y de Paralización de los Procedimientos*, donde argumentó que no procedía que se declarara hogar seguro a favor de la señora Sotomayor Santos.

Finalmente, el 6 de septiembre de 2024, el Tribunal de Primera Instancia emitió la *Resolución* cuya revisión nos ocupa, donde declaró No Ha Lugar la *Solicitud de Hogar Seguro*.

En desacuerdo, la parte peticionaria presentó una *Reconsideración*, que fue declarada No Ha Lugar mediante *Resolución*[4] emitida el 20 de septiembre de 2024, por el foro primario.

Aun inconforme con la decisión de la primera instancia judicial, la parte peticionaria acudió ante este Tribunal revisor y esgrimió los siguientes señalamientos de error:

- Erró el Honorable Tribunal de Primera Instancia al utilizar un criterio exclusivamente económico al momento de denegar la solicitud de Hogar Seguro de la Sra. Sotomayor.

- Erró el Honorable Tribunal de Primera Instancia al no tomar en cuenta los acuerdos de las partes sobre el uso y el destino de la vivienda durante la vigencia del matrimonio y después de su disolución, según lo establece el artículo 478 del Código Civil (31 LPRA 6852), inciso (a).

---

[2] Entrada Núm. 21 de SUMAC.
[3] Entrada Núm. 23 de SUMAC.
[4] Entrada Núm. 76 de SUMAC.

- Erró el Honorable Tribunal de Primera Instancia al entender que las partes tienen otras propiedades que pueden cubrir sus necesidades de TECHO seguro, sin tomar en consideración que un TECHO no es lo mismo que un HOGAR y que por lo tanto[,] existen un sinnúmero de consideraciones de carácter moral que están protegidos por nuestro Ordenamiento Jurídico.

El 15 de octubre de 2024, compareció la parte recurrida mediante *Oposición a que se Expida el Recurso*.

**II**

### El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[5]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[5] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos

esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis Nuestro).
[. . .]

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

Como tribunal apelativo, nos corresponde determinar si procede expedir el recurso de *certiorari* de epígrafe, considerando los criterios enumerados en la precitada Regla 40 del Reglamento de este Tribunal.

En su escrito, la parte peticionaria realiza tres señalamientos de error, a saber: incidió el foro primario al utilizar un criterio exclusivamente económico al denegar la solicitud de hogar seguro; al no tomar en cuenta los acuerdos entre las partes sobre uso y destino de la vivienda durante la vigencia del matrimonio y luego de su disolución, según el Art. 478(a) del Código Civil, y al determinar que las partes tienen otras propiedades que pueden cubrir sus necesidades de techo seguro sin tomar en cuenta otras consideraciones de carácter moral.

Evaluado el recurso presentado por la parte peticionaria, colegimos que, en ausencia de los criterios expuestos en la Regla 40 del Reglamento de este Tribunal, *supra*, no intervendremos con el mismo.  Los señalamientos de error antes reseñados, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional en el caso de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

Por otro lado, la parte peticionaria tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia[6].

**IV**

Por los fundamentos que anteceden, se deniega la expedición del *Certiorari*.

---

[6] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones